UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

C2R GLOBAL MANUFACTURING, INC.,

Debtor.

Case No. 18-30182-beh
Chapter 11 Proceeding

**VERDE ENVIRONMENTAL TECHNOLOGIES, INC.'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 6**

Pursuant to Local Rule 3007(c), Verde Environmental Technologies, Inc. d/b/a Verde Technologies ("Verde") submits this response to Debtors' [sic] Objection to Claim No. 6 of Verde Environmental Technologies, Inc. and Debtor's Counterclaims (the "Objection") and respectfully requests that the Court overrule the Objection.

## I. INTRODUCTION

On December 28, 2018, Verde filed its proof of claim against the Debtor for money damages related to pre-petition patent infringement and false advertising (the "Claim"). *See* Proof of Claim No. 6. Prior to the Debtor filing for bankruptcy, Verde commenced an action against the Debtor in the United States District Court for the Eastern District of Wisconsin, captioned *Verde Environmental Technologies, Inc., Plaintiff, v. C2R Global Manufacturing, Inc., Defendant*, Case no. 18-cv-423-pp (the "District Court Litigation"). The District Court Litigation has been stayed by operation of 11 U.S.C. § 362 and thus Verde's Claim has not been fixed or liquidated.

## II. ARGUMENT

### A. A Ruling on the Debtor's Objection Should Be Stayed until the Motion for Relief from Stay Has Been Decided

Verde filed a Motion for Relief from the Automatic Stay on January 15, 2019 (the "Stay Relief Motion"), in order to resume the District Court Litigation and fix and liquidate its Claim

against the Debtor, among other relief. Dkt. No. 49. The Debtor has since objected to the Stay Relief Motion and a hearing on the Stay Relief Motion has been set for February 13, 2019, at 10:00 a.m. *See* Dkt. Nos. 57, 58. Any decision on the Debtor's Objection should be stayed until the Court has ruled on Verde's Stay Relief Motion because, if it is granted, Verde's Claim will be determined in the District Court Litigation, rendering this proceeding duplicative.

### B. In The Alternative, the Court Should Enter a Scheduling Order for Proceeding on the Debtor's Objection

A properly executed and filed proof of claim is prima facie evidence that the claim is valid. *See* Fed. R. Bank. P. 3001(f); *see also In re Hood*, 449 F. App'x 507, 510 (7th Cir. 2011). After a creditor has properly filed a proof of claim it must be allowed unless a party in interest objects. *Id.* (*citing* 11 U.S.C. § 502(b)). Once a party objects to a claim, though, the burden shifts to the objector to produce sufficient evidence to rebut the claim. *Id.* In its Objection, the only evidence the Debtor provides to rebut Verde's Claim is its Answer and Counterclaims filed in the District Court Litigation (the "Answer"). Dkt. No. 57. The Debtor's Answer is not conclusive evidence that Verde's Claim is invalid. Instead, the Debtor has "reserve[d] the right to have the amounts of the Claim allowed as finally shown by the evidence." *Id.* at pg. 1.

In light of the present posture of the Objection, any resolution of the Debtor's Objection can only occur through a contested proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014. Because Verde's claim had not yet been reduced to judgment, any ruling on the validity and allowance of Verde's Claim must be made in accordance with applicable patent law. *See* 11 U.S.C. § 502(b)(1); *see also* Dkt. No. 56 at pg. 3. As the Debtor has conceded, the parties will need to engage in additional fact discovery, claim construction, a *Markman* hearing, as well as expert discovery. *See*, *e.g.*, *In re Muth Mirror Systems, LLC*, 379 B.R. 805 (Bankr. Wis. 2007).Thus in the alternative to staying the decision until a decision is rendered on the Stay Relief Motion,

2

Case 18-30182-beh    Doc 66    Filed 02/06/19    Page 2 of 4

pursuant to Local Rule 3007, Verde respectfully requests that the Court enter a scheduling order setting forth the deadlines for completion of each of these steps in order to efficiently and effectively resolve the Debtor's Objection. Verde proposes the following schedule:

| Days from Scheduling Order | Event |
|---|---|
| 30 | Debtor serves its invalidity contentions |
| 60 | Verde serves its response |
| 90 | Debtor files its Claim Construction brief |
| 120 | Verde files its response |
| 134 | Debtor files its reply brief |
| 148 | *Markman* hearing |
| 208 | Close of fact discovery |
| 238 | Verde files expert report |
| 268 | Debtor files expert report |
| 298 | Close of expert discovery |
| 328 | Verde files Motion for Summary Judgment and/or *Daubert* Motion |
| 342 | Debtor files response |
| 349 | Verde files reply |
| 356 | Hearing on Motion for Summary Judgment and/or *Daubert* Motion |
| 386 | Evidentiary Hearing (estimated duration of two weeks) |

## III.  CONCLUSION

For the reasons stated herein, Verde respectfully requests that the Court stay any further proceedings on the Objection until resolution of Verde's Stay Relief Motion or, in the alternative, enter a scheduling order with the deadlines proposed herein.

| | |
|---|---|
| Dated: February 6, 2019 | **WINTHROP & WEINSTINE, P.A**. |
| | *s/ Ian M. Rubenstrunk* |
| | Brooks F. Poley, (MN# 0185139) |
| | Daniel C. Beck, (MN# 192053) |
| | Brent A. Lorentz, (MN #285109) |
| | Ian M. Rubenstrunk, (MN # 397881) |
| | |
| | 225 South Sixth Street, Suite 3500 |
| | Minneapolis, MN 55402-4629 |
| | Tel: 612-604-6400 |
| | Fax: 612-604-6800 |
| | bpoley@winthrop.com |
| | dbeck@winthrop.com |
| | blorentz@winthrop.com |
| | irubenstrunk@winthrop.com |
| | |
| | Attorneys for Verde Environmental Technologies, Inc. |
| 16819319v2 | |